**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| KAJEET, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 6:20-CV-203 |
| | ) | |
| vs. | ) | **JURY TRIAL REQUESTED** |
| | ) | |
| LIGHTSPEED SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSED MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE
TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................... 1

LEGAL STANDARD ................................................................................................ 3

ARGUMENT ............................................................................................................. 4

I.     THE AUSTIN DIVISION IS A PROPER VENUE AND IS CLEARLY MORE CONVENIENT THAN THE WACO DIVISION ............................................................................... 4

    A.   This Case Could Have Been Originally Filed in the Austin Division. ............................... 4

    B.   § 1404(a) Factors Demonstrate that Austin Is Clearly the More Convenient Venue. .................. 5

        1.  Relative Ease of Access to Sources of Proof ..................................................... 5

        2.  Availability of Compulsory Process to Secure the Attendance of Witnesses ................ 7

        3.  Cost of Attendance For Willing Witnesses ........................................................ 7

        4.  All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive 8

        5.  Administrative Difficulties Flowing From Court Congestion .................................... 9

        6.  Local Interest in Having Localized Interests Decided at Home ................................ 9

        7.  Familiarity of the Venue With the Law That Will Govern the Case ........................... 10

        8.  Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law .......................................................................................................... 10

CONCLUSION ......................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
   358 F.3d 337 (5th Cir. 2004) ............................................................................. 6

*Auto-Dril, Inc. v. Pason Sys. USA Corp.*,
   6:15-CV-00093, 2015 WL 12780779 (W.D. Tex. June 29, 2015) ...................................... 10

*Datascape, Ltd v. Dell Techs., Inc.*,
   No. 19-CV-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ................................... 4, 7, 13

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ............................................................................. 9, 10

*Hammond Development Int'l, Inc., v. Amazon.com Inc., et al.*,
   No. 6:19-CV-00355-ADA, ECF No. 65 (W.D. Tex. Mar. 30, 2020) ......................................... *passim*

*Healthpoint, Ltd. v. Derma Scis., Inc.*,
   939 F. Supp. 2d 680 (W.D. Tex. 2013) ...................................................................... 10

*Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*,
   No. 14-CV-464, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014) ......................................... 8, 11, 13

*Piper Aircraft Co. v. Reyno*,
   454 U.S. 235 (1981) ......................................................................................... 7

*In re Radmax, Ltd.*,
   720 F.3d 285 (5th Cir 2013) ................................................................................ 6, 7, 8, 12

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) .......................................................................................... 6

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ......................................................................................... 6

*In re Volkswagen of Am. Inc.*,
   545 F.3d 304 (5th Cir. 2008) ................................................................................ 6, 8

*In re Volkswagen AG*,
   371 F.3d 201, 203 (5th Cir. 2004) .......................................................................... 7

**Statutes**

28 U.S.C. §1404(a) ............................................................................................. *passim*

Defendant Lightspeed Solutions, Inc. ("Lightspeed") seeks an intra-district transfer to the Austin Division under 28 U.S.C. §1404(a), but requests that this Court maintain the case on its docket.[1]  This case has no relevant connections to the Waco Division, and the Austin Division is a more convenient venue for both parties.

## INTRODUCTION

Plaintiff Kajeet, Inc. ("Kajeet") filed this case in the wrong division.  Although it has filed this case in the Waco Division, Kajeet alleges no presence or business location in the Waco Division.  Indeed, Kajeet alleges that it is headquartered in McLean, Virginia and has regional offices in Austin and Dallas.

Lightspeed's principal place of business and headquarters are in Austin—less than three (3) miles from the U.S. Courthouse there.  The legacy and backup versions of the source code related to Lightspeed's Accused Products, including prior art systems, are stored on servers in Austin. The relevant documents to this case are located in Austin and the overwhelming majority of the relevant Lightspeed witnesses are located in Austin (while none are in the Waco Division). Like Kajeet, Lightspeed has no offices or employees working in the Waco Division.  Furthermore, Kajeet contends that it conducts business and competes with Lightspeed within the Austin Division.  Compl. at ¶ 7 (alleging that Kajeet competes with Lightspeed via its equipping of buses belonging to the Austin Independent School).  This Court should follow its *Datascape* decision and transfer this matter to the Austin Division, which is clearly the more convenient venue.

## FACTUAL BACKGROUND

Kajeet alleges that Lightspeed infringes its patented technology regarding "control

---

[1] On August 7, 2020, Lightspeed requested whether Kajeet would agree to an intra-district transfer for the reasons stated in this Motion and provided a copy of the Court's *Datascape* decision.  Kajeet rejected the request, which necessitated Lightspeed to file this opposed Motion.

schemes implemented on communication devices." Compl. at ¶¶ 12, 46. Kajeet chose to file its complaint in Waco, alleging proper venue based on Lightspeed's sufficient minimum contacts to the Western District of Texas. *Id.* at ¶ 5. However, Kajeet has failed to plead that either party has relevant connections in the Waco Division itself.

Indeed, neither party has any relevant connection to the Waco Division. Kajeet is organized under the laws of the State of Delaware, and its principal place of business is in McLean, Virginia. *Id.* at ¶ 1. Kajeet has not alleged any business in or contacts with Waco, but does claim to do business with the Austin Independent School District. *Id.* at ¶ 7.

Lightspeed is organized under the laws of California, and its headquarters is in Austin, Texas. *Id.* at ¶ 2. Lightspeed has been located in Austin since 2014, and its headquarters have been in Austin since 2016. Ex. A (Chambers Decl.) at ¶ 3. Besides its headquarters, Lightspeed maintains an additional office in Austin—its only other office in Texas. *Id.* at ¶ 4. Lightspeed does not have any offices within the Waco Division. Lightspeed's engineering, sales, marketing, and financial documents related to the research, design, development, marketing, and sales of the Accused Products are located in Austin, and all company-owned servers on which such documents are stored are also located in Austin. *Id.* at ¶ 9. Moreover, all legacy versions of such code and all back-ups of such code are stored on servers located in Austin. *Id.* at ¶ 10. Lightspeed has approximately eighty (80) employees in Austin, including employees with responsibilities related to the Accused Products. *Id.* at ¶ 4. Lightspeed's executive officers with the most relevant knowledge to the accused products are all, save for one exception,[2] located in Austin. *Id.* at ¶ 7. Lightspeed conducts business in Austin, but does not have any business, offices, or employees working in the Waco Division. *Id.* at ¶ 6.

---

[2] The exception is one executive officer who lives and works in Portland, Oregon. Ex. A (Chambers Decl.) at ¶ 7.

In sum, Kajeet has failed to allege facts that show that either party has relevant ties to the Waco Division.  Instead, the facts unequivocally show that the Austin Division is clearly the more convenient venue for both parties.

## LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides that, "for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  *Hammond Dev. Int'l, Inc., v. Amazon.com Inc., et al.*, No. 6:19-CV-00355-ADA, ECF No. 65, at 2 (W.D. Tex. Mar. 30, 2020) (Albright, J.).  In *Radmax*, the Fifth Circuit confirmed that § 1404(a) applies to both transfers between districts as well as transfers between divisions within the same district.  *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir 2013) ("The § 1404(a) factors apply **as much to transfers between divisions of the same district** as to transfers from one district to another.") (emphasis added).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  Under § 1404(a), the first step to determine whether transfer is appropriate is to consider "whether a civil action 'might have been brought' in the destination venue."  *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 312 (5th Cir. 2008).  "If so, in the Fifth Circuit, the determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight."  *Hammond*, No. 6:19-CV-00355-ADA, ECF No. 65, at 2 (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)) (internal quotations omitted).

3

The § 1404(a) private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* When the factors strongly weigh in favor of the transferee forum, the transferee forum is "clearly more convenient" than the plaintiff's chosen forum, and the court must order transfer. *Radmax*, 720 F.3d at 290 (finding the transferee court to be "clearly more convenient" when three factors pointed toward transfer and five were neutral); *Hammond*, No. 6:19-CV-00355-ADA, ECF No. 65, at 11 (ordering transfer where three factors pointed toward transfer and the rest were neutral).

Since the Austin Division is a proper venue, and since all factors either point toward Austin or are neutral, transfer is required. *See, e.g.*, *Datascape, Ltd. v. Dell Techs., Inc.*, No. 19-CV-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) (Albright, J.) (applying *Radmax* and granting transfer from the Waco Division to the Austin Division).

## ARGUMENT

### I. THE AUSTIN DIVISION IS A PROPER VENUE AND IS CLEARLY MORE CONVENIENT THAN THE WACO DIVISION.

#### A. This Case Could Have Been Originally Filed in the Austin Division.

Under § 1404(a), the first inquiry is whether the action could have been brought in the Austin Division. Lightspeed's principal place of business and headquarters is in Austin.

Lightspeed regularly conducts business in Austin. Kajeet allegedly does as well. Additionally, neither party denies that the Western District of Texas is a proper venue. (Ans. at ¶¶ 5-8.) Because venue is proper in the Western District of Texas, the action could have been brought in the Austin Division in the first instance. *See Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*, No. 14-CV-464, 2014 WL 12479284, at *1 (W.D. Tex. Aug. 12, 2014). Thus, the threshold inquiry under § 1404(a) is satisfied.

## B. § 1404(a) Factors Demonstrate that Austin Is Clearly the More Convenient Venue.

The § 1404(a) factors demonstrate that the Austin Division is clearly a more convenient venue than the Waco Division. Four factors (three private interest factors and one public interest factor) favor transfer, and the remaining factors are neutral. Thus, transfer is warranted. *Radmax*, 720 F.3d at 290 (finding that three factors favoring transfer and five remaining neutral compelled transfer); *Hammond*, No. 6:19-CV-00355-ADA, ECF No. 65, at 11 (ordering transfer where three factors favored transfer and the remaining factors were neutral); *Mimedx*, 2014 WL 12479284, at *3 (granting motion to transfer venue where four factors favored transfer and four were neutral).

### 1. *Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Hammond*, No. 6:19-CV-00355-ADA, ECF No. 65, at 4 (citing *In re Volkswagen*, 545 F.3d at 316). Kajeet accuses "all versions of the Relay Platform and all versions of the Mobile Manager products and services" of infringing its patent. Compl. at ¶ 22. The legacy source code and backups of the source code for the software and products comprising the Relay Platform and Mobile Manager products and services, some of which qualify as relevant prior art, are stored in servers located in Austin, Texas. Ex. A (Chambers Decl.) at ¶ 10. The executive officers with the most knowledge related to the Accused Products

are located in Austin, with the exception of one officer residing in Portland, Oregon.  *Id.* at ¶ 7.
Other employees with responsibilities related to the software and products comprising the Relay
Platform and Mobile Manager products and services work at Lightspeed's Austin offices (or are
otherwise located outside of Texas in Portland, Oregon).  *Id.* at ¶¶ 4 and 7-8.  The engineering,
sales, marketing, and financial documents for the Relay Platform and Mobile Manager products
and services are all located in Austin, Texas.  *Id.* at ¶ 9.  Lightspeed is unaware of any witnesses
or documents relevant to this case that are present in the Waco Division.  *Id.* at ¶¶ 6, 8.  In sum,
the vast bulk, if not all, of the relevant witnesses and documents in this case for Lightspeed are
located at Lightspeed's headquarters or additional office in the Austin Division (or are otherwise
located in Portland, Oregon).

Kajeet has no operations in the Waco Division.  It has regional offices in Dallas and
Austin.[3]  The six inventors on the '559 Patent appear to be from Maryland, New Jersey, and
Virginia.  Compl., Ex. A, p. 2.  The patent was prosecuted by Woodcock Washburn LLP (*id.*),
which has offices in Atlanta, Philadelphia, and Seattle.[4]  Thus, it would appear that all of the
relevant proof on Kajeet's side resides outside of the Waco Division.

Since the relevant sources of proof are located at Lightspeed's Austin offices, **this factor
favors transfer**.  *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent
infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.
Consequently, the place where the defendant's documents are kept weighs in favor of transfer to
that location." (citation omitted)) (applying Fifth Circuit law).

---

[3] Kajeet "Contact," https://www.kajeet.net/contact-us (last visited on Sept. 1, 2020).

[4] Woodcock Washburn LLP was acquired by BakerHostetler in 2014.  BakerHostetler does not
have an office in Waco. BakerHostetler, *BakerHostetler and Woodcock Washburn Complete
Strategic Combination* (Jan. 2, 2014), https://www.bakerlaw.com/press/bakerhostetler-and-woodcock-washburn-completes-strategic-combination.

2.   *Availability of Compulsory Process to Secure the Attendance of Witnesses*

Courts in the Western District of Texas have found this factor to be neutral "where the parties have not alleged that non-party witnesses are unwilling to testify." *Auto-Dril, Inc. v. Pason Sys. USA Corp.*, 6:15-CV-00093, 2015 WL 12780779, at *3 (W.D. Tex. June 29, 2015) (quoting *Healthpoint, Ltd. v. Derma Scis., Inc.*, 939 F. Supp. 2d 680, 689 (W.D. Tex. 2013)).   At this time, Lightspeed is not aware of, and Kajeet has not identified, any third party witnesses who are unwilling to attend trial.  Thus, since there are no identified unwilling witnesses, and any such witness could be compelled to attend trial, this factor is at best **neutral**.

3.   *Cost of Attendance For Willing Witnesses*

"The convenience of witnesses is the single most important factor in the transfer analysis." *Hammond*, No. 6:19-CV-00355-ADA, ECF No. 65, at 5 (citing *Genentech*, 566 F.3d at 1342).  As mentioned previously, the bulk of the evidence in a patent infringement case comes from the alleged infringer.  *Genentech*, 566 F.3d at 1345.  Lightspeed's headquarters are located in Austin, approximately three (3) miles from the courthouse there, and the majority of relevant witnesses in this case work at Lightspeed's Austin headquarters or the additional Austin office.  Lightspeed is unaware of any witnesses located in the Waco Division.

Transferring this action to the Austin Division would allow the witnesses to continue to work from the Lightspeed Austin offices and to stay at their own homes during the trial.  In contrast, if the trial is held in the Waco Division, witnesses would be forced to work remotely, would be required to make the 1.5- to 2-hour drive from Austin to Waco, and would potentially be subject to hotel and meal expenses.  By transferring this action to the Austin Division, the Court can avoid subjecting Lightspeed's witnesses to these unnecessary costs.[5]

---

[5] Even for the one Lightspeed executive with potentially relevant knowledge of the Accused

As for Kajeet's witnesses and the inventors, which are likely located near its principal place of business in McLean, Virginia, Austin would still be a less expensive and more convenient venue than Waco because of the availability of direct flights to Austin. A search on Expedia reveals no direct flights from McLean to Waco but does reveal direct flights from McLean to Austin.[6] As such, even Kajeet's own witnesses, including the inventors, would be inconvenienced by the additional travel time required to fly or drive to Waco, compared to the option of a quicker direct flight to Austin. As a result, for any witness requiring air travel (either Lightspeed witnesses from Portland, or Kajeet's witnesses and inventors from McLean), Austin represents a clearly more convenient venue.

Since the majority of witnesses are located near Lightspeed's headquarters in Austin, and since flying to Austin is a less expensive and more convenient than flying to Waco, **this factor points towards transfer**.

4. *All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive*

Transfer is favored under this factor when cases are at their earliest stages. *Mimedx*, 2014 WL 12479284, at *2. Having been filed in late March 2020, this case is still at the earliest stages. Indeed, the Court has not yet entered a scheduling order. Thus, transferring to Austin would not

---

Products outside of Austin, traveling to Austin would be significantly more convenient than traveling to Waco because of the availability of direct flights to Austin, but not to Waco, as discussed in Note 5, *infra*.

[6] The closest airport to McLean, Virginia is Ronald Reagan Washington National Airport in Washington, DC. A search of various date ranges on Expedia shows the availability of nonstop flights to Austin. Roundtrip Flights from Ronald Reagan Washington National Airport, Expedia, https://www.expedia.com/?pwaLob=wizard-flight-pwa (enter "McLean" in the "Leaving From" field and enter "Austin" in the "Going To" field). A similar Expedia search revealed no non-stop flights from Ronald Reagan Washington National Airport to Waco, TX. *Id.* (enter "McLean" in the "Leaving From" field and enter "Waco" in the "Going To" field). The results were similar for flights from Portland, Oregon (for the Lightspeed executive who lives there) to Austin and Waco. *Id.*

cause any meaningful delay.  *Radmax*, 720 F.3d at 289 ("[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer.").  As mentioned above, transferring to Austin would save witnesses time and expense.  As such, this **factor weighs in favor of transfer**.

> 5.  *Administrative Difficulties Flowing From Court Congestion*

Lightspeed is not aware of any administrative difficulties flowing from court congestion in either the Waco or Austin districts, and Kajeet has not identified any thus far.  In such instances, this Court has routinely found this factor neutral.  *See, e.g.*, *Hammond*, No. 6:19-CV-00355-ADA, ECF No. 65, at 8.  As such, this factor is **neutral**.

> 6.  *Local Interest in Having Localized Interests Decided at Home*

As mentioned previously, Lightspeed is headquartered in Austin and the legacy and backup source code is maintained there.  Lightspeed employs approximately eighty (80) people in Austin, and also conducts business there.  Ex. A (Chambers Decl.) at ¶ 4.  Kajeet claims to conduct business in Austin as well, and even alleges that it competes with Lightspeed for the business of the Austin Independent School District.  (Compl. ¶ 7).  Clearly, there is a substantial interest in the Austin Division in having this dispute resolved locally.

Lightspeed is not aware of, and indeed Kajeet has failed to identify, any connection with the Waco Division such that there are localized interests in having the case decided there.  Since both parties conduct business in Austin, and since Austin is home to Lightspeed's headquarters, **this factor strongly favors transfer**.  *Hammond*, No. 6:19-CV-00355-ADA, ECF No. 65, at 10 (finding that this factor weighs in favor of transfer where defendant had offices and employees in Austin, and where components of the accused products were designed and developed in Austin); *Datascape,* 2019 WL 4254069, at *3 (finding the localized interest factor to strongly weigh in

favor of transfer to Austin where the defendant "has relevant operations in Austin" and where "[t]he outcome of the instant action likely affects local Austin interests more acutely than local Waco interests"); *Mimedx*, 2014 WL 12479284, at *3 ("Defendants and their employees are local to the San Antonio area. The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests.").

### 7. *Familiarity of the Venue With the Law That Will Govern the Case*

Both the Austin Division and the Waco Division are equally familiar with patent laws. This is particularly true where, as here, Lightspeed is requesting that this Court continue to administer this case on its docket after transfer to Austin.  This factor is **neutral**.  *Hammond*, No. 6:19-CV-00355-ADA, ECF No. 65, at 10 (finding this factor to be neutral between Austin and Waco in terms of familiarity with patent law); *Datascape*, 2019 WL 4254069, at *1 (finding this factor to be neutral between the Austin and Waco divisions).

### 8. *Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

Both the Austin and Waco divisions of the Western District of Texas apply the same local rules and Fifth Circuit law.  Neither division would present a conflict of law or require the application of foreign law.  This factor is **neutral**.  *Hammond*, No. 6:19-CV-00355-ADA, ECF No. 65, at 10 (finding this factor to be neutral between the Austin and Waco divisions); *Datascape*, 2019 WL 4254069, at *1 (finding this factor to be neutral).

## <u>CONCLUSION</u>

This action has no connection to the Waco Division, and the Austin Division is clearly more convenient.  The § 1404(a) factor analysis confirms this conclusion, with four factors favoring transfer, four factors being neutral, and no factors weighing against transfer.  Thus, Lightspeed respectfully asks this Court to maintain the case on its docket, but transfer the action

to the Austin Division, where Lightspeed is headquartered, where the relevant documents and the

majority of witnesses are located, and where Lightspeed conducts business.


Dated:  September 8, 2020                                     Respectfully submitted,


                                                     By: */s/ M. Brett Johnson*
                                                     Thomas M. Melsheimer
                                                     State Bar No. 13922550
                                                     tmelsheimer@winston.com
                                                     M. Brett Johnson
                                                     State Bar No. 00790975
                                                     mbjohnson@winston.com
                                                     Michael A. Bittner, *Pro Hac Vice*
                                                     State Bar No. 24064905
                                                     mbittner@winston.com
                                                     **WINSTON & STRAWN LLP**
                                                     2121 N. Pearl Street, Suite 900
                                                     Dallas, TX  75201
                                                     Telephone: (214) 453-6500
                                                     Facsimile: (214) 453-6400

                                                     William M. Logan
                                                     State Bar No. 24106214
                                                     wlogan@winston.com
                                                     **WINSTON & STRAWN LLP**
                                                     800 Capitol Street, Suite 2400
                                                     Houston, TX 77002
                                                     Telephone: (713) 651-2766
                                                     Facsimile: (713) 651-2700

                                                     Vivek V. Krishnan, *Pro Hac Vice*
                                                     VKrishnan@winston.com
                                                     **WINSTON & STRAWN LLP**
                                                     35 W. Wacker Drive
                                                     Chicago, IL 60601
                                                     Telephone: (312) 558-5600
                                                     Facsimile: (312) 558-5700

                                                     Manish Mehta, *Pro Hac Vic*e
                                                     State Bar No. 6290204
                                                     mmheta@beneschlaw.com
                                                     Suzanne Alton de Eraso, *Pro Hac Vice*

11

State Bar No. 6317254
saltondeeraso@beneschlaw.com
Samuel Ruggio, *Pro Hac Vice*
State Bar No. 6321419
sruggio@beneschlaw.com
**BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4953
Facsimile: (312) 767-9192

**ATTORNEYS FOR DEFENDANT
LIGHTSPEED SOLUTIONS, INC.**

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(i), counsel for the parties conferred on August 7

and 10, 2020 regarding the subject matter of this motion and counsel for Plaintiff indicated

that Plaintiff is opposed to the motion.

*/s/ M. Brett Johnson*
M. Brett Johnson

## CERTIFICATE OF SERVICE

I hereby certify that, on September 8, 2020, the foregoing document was electronically

filed with the Clerk of Court using the Court's CM/ECF system, which will send notification

of such filing to all counsel of record, including counsel of record for Plaintiff Kajeet, Inc.

*/s/ M. Brett Johnson*
M. Brett Johnson