IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| KAJEET, INC., | ) CASE NO. 6:20-CV-203-ADA |
| Plaintiff, | ) |
| vs. | ) |
| LIGHTSPEED SOLUTIONS, INC., | ) |
| Defendant. | ) |

**DEFENDANT LIGHTSPEED SOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE
TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

In its response, Kajeet does not dispute that the private convenience factors, including relative ease of access to sources of proof and cost of attendance of willing witnesses, weigh in favor of transfer to Austin. D.I. 32, 1 (explaining that "[b]ased on the facts presented in Lightspeed's Motion, Kajeet would not otherwise oppose the intra-district transfer."). Kajeet does not dispute that this case lacks *any* connection to the Waco Division. And Kajeet does not dispute that the Austin Division has the stronger interest in deciding this local dispute.

Nevertheless, Kajeet opposes Lightspeed's motion and seeks to keep this case in Waco until the time of a trial in Austin[1] solely because two other matters, filed by Kajeet against *other defendants*, are presently pending before this Court in the Waco Division. Kajeet's argument suggests that the presence of these co-pending litigations somehow outweighs all the other factors favoring transfer and is thus dispositive of the transfer analysis. *Id*. at pp. 1-2 (arguing that this

---

[1] Kajeet does not oppose holding the trial in the Austin Division. D.I. 32, 2.

case should remain in Waco because "[d]oing so would avoid inefficiencies such as additional or separate hearings on common matters including claim construction and discovery issues.").

Kajeet's opposition to intra-district transfer on this basis is incorrect as a matter of law, and thus should be rejected. The Federal Circuit has firmly rejected the idea that "the mere co-pendency of related suits in a particular district would automatically tip the balance in non-movant's favor regardless of the existence of co-pending transfer motions and their underlying merits." *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017). Likewise, this Court has pointed out that "considerations of judicial economy and the existence of co-pending litigation are not dispositive in the transfer analysis." *Voxer, Inc. v. Facebook, Inc.*, 6:20-CV-00011-ADA, 2020 WL 3416012, at *5 (W.D. Tex. June 22, 2020) (Albright, J.). Since the co-pendency of these other actions is Kajeet's sole reason to oppose transfer, its argument should be rejected and the Court should transfer this case to Austin, which is the clearly more convenient venue. D.I. 30.

Kajeet's contention that there are efficiencies in keeping the co-pending cases it has filed in Waco is, at best, speculative. There is no guarantee that judicial economy will be afforded by keeping this matter in the Waco Division. Keeping all matters venued in the Waco Division while in their respective infancies does little to guarantee judicial efficiency when it remains unclear whether these co-pending suits will actually proceed in the Waco Division due to transfer, settlement, or any other number of intervening events that may occur during the pendency of the matters. *Parus Holdings Inc. v. LG Elecs. Inc.*, 6:19-CV-00432-ADA, 2020 WL 4905809, at *7 (W.D. Tex. Aug. 20, 2020) ("Further, this case is in its early stages, meaning any increase in judicial economy from the Court's experience in these early stages of litigation is likely to be limited.") (Albright, J.).

Consequently, this matter should be transferred to the Austin Division.

Dated:  September 29, 2020   Respectfully submitted,

By: */s/ M. Brett Johnson*
Thomas M. Melsheimer
State Bar No. 13922550
tmelsheimer@winston.com
M. Brett Johnson
State Bar No. 00790975
mbjohnson@winston.com
Michael A. Bittner, *Pro Hac Vice*
State Bar No. 24064905
mbittner@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX  75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

William M. Logan
State Bar No. 24106214
wlogan@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2766
Facsimile: (713) 651-2700

Vivek V. Krishnan, *Pro Hac Vice*
VKrishnan@winston.com
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Manish Mehta, *Pro Hac Vic*e
State Bar No. 6290204
mmheta@beneschlaw.com
Suzanne Alton de Eraso, *Pro Hac Vice*
State Bar No. 6317254
saltondeeraso@beneschlaw.com
Samuel Ruggio, *Pro Hac Vice*
State Bar No. 6321419
sruggio@beneschlaw.com
**BENESCH   FRIEDLANDER   COPLAN   & ARONOFF LLP**

3

71 South Wacker Drive, Suite 1600<br>
Chicago, IL 60606<br>
Telephone: (312) 212-4953<br>
Facsimile: (312) 767-9192<br>
<br>
**ATTORNEYS FOR DEFENDANT<br>
LIGHTSPEED SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that, on September 29, 2020, the foregoing document was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record, including counsel of record for Plaintiff Kajeet, Inc.

<i>/s/ M. Brett Johnson</i><br>
M. Brett Johnson